THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARTIN DE TEMPLE, Appellant, against VERNON A. MORHOUS, as Warden of Great Meadow Prison, Respondent.— Appeal from an order of the Supreme Court, Washington County Special Term, which dismissed a writ of habeas corpus. On July 1, 1942, appellant was convicted in the Queens County Court as a second offender of the crime of attempted grand larceny in the second degree, and was sentenced to imprisonment for an indeterminate period of from five to ten years. He was paroled September 9, 1947, and declared delinquent on September 27, 1947. On September 23, 1948, he pleaded guilty to the crime of attempted grand larceny in the second degree before the same court, and received an indeterminate sentence of from fifteen years to life as a fourth offender, and in addition he was charged with delinquent time on the previous conviction. On June 15, 1949, appellant made application to the County Court of Kings County for an order in the nature of *coram nobis* to vacate and set aside two judgments of conviction had in January, 1911. This application was granted and the aforesaid judgments of conviction were set aside. Later appellant moved before the Queens County Court to vacate his sentence as a fourth offender and this application was granted. He was then resentenced for a term of from four to five years for the crime of attempted grand larceny in the second degree as a second offender. This sentence was ordered to run from the date of his original sentence as a fourth offender. Assuming this sentence to be valid appellant is not eligible for parole before February 8, 1956, and his full maximum term will not expire until April 27, 1956. It seems to be appellant's chief point that it was encumbent upon the court which resentenced him to require another information to be filed before he could be sentenced as a second offender, although in 1942, he pleaded guilty as a second offender, and he concedes in his brief that on December 23, 1948, he admitted conviction of certain crimes

as set forth in section 1942 of the Penal Law which would make him a fourth offender. We find no merit in this argument. It would be a work of supererogation to require another information where the record before the court indicates appellant's admission that he was a second offender. The revocation of the 1948 sentence did not impair or destroy the validity of such record. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie. JJ.