■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES J. STARKINS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Nassau County, dated October 27, 1965 and entered November 29, 1965, which after a *Huntley* type hearing, denied his application to vacate a judgment of said court, rendered March 5, 1954, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. Order affirmed. We agree with the findings below, made by the court as the trier of the facts (cf. *People* v. *Williams*, 6 N Y 2d 18, 26), that the statements of defendant which had been received in evidence against him at his trial were not induced by physical or psychological coercion. The failure to advise defendant of his right to counsel and to remain silent does not require the reversal of the judgment of conviction rendered after trial in 1954 (*Johnson* v. *New Jersey*, 384 U. S. 719). Defendant's other contentions have been examined and in our opinion are without merit. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL SWEARENGEN, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Westchester County, entered September 29, 1965, which, without a hearing, denied his application to vacate a judgment of said court, rendered July 19, 1962 upon resentence, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence upon him as a third felony offender, *nunc pro tunc* as of December 9, 1943, the date of the original sentence. The 1943 judgment was affirmed (*People* v. *Swearengen*, 269 App. Div. 754; mot. for lv. to app. den. 294 N. Y. 644). Order affirmed. Defendant, sentenced as a fourth offender upon his conviction in 1943, was resentenced in 1962 following the vacatur of one of the prior convictions. His sole contention, in substance, is that an information as required by section 1943 of the Penal Law should have been filed before he could be resentenced as a prior felony offender. However, it is undisputed that there was full compliance with section 1943 at the time of the original sentence and that defendant then admitted that he was the person named in the information as having been convicted of felonies on three prior occasions. Under such circumstances, the filing of another information was unnecessary. (*People ex rel. De Temple* v. *Morhous*, 283 App. Div. 834, mot. for lv. to app. den. 306 N. Y. 986.) Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.