(January 7, 1970)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD KEITH BARKLEY, Appellant.— STALEY, JR., J. Appeal from a judgment of the County Court of Clinton County, rendered April 15, 1968, resentencing defendant as a second felony offender. On November 4, 1955 defendant was convicted of the crime of grand larceny in the first degree in the County Court of Albany County. On this conviction his sentence was suspended and he was placed on probation. On May 20, 1959 defendant pleaded guilty to the crime of burglary in the third degree in the County Court of Clinton County, and on May 22, 1959 he was sentenced as a second felony offender. On April 25, 1967 defendant was convicted of the crime of burglary in the third degree in the County Court of Clinton County upon his plea of guilty, and was sentenced on June 1, 1967 to an indeterminate term in Clinton Prison at Dannemora. This plea of guilty was accepted as a compromise plea in satisfaction of 44 counts in two indictments handed down by the March 1967 Grand Jury of Clinton County. Immediately following the imposition of the indeterminate

sentence, the District Attorney of Clinton County filed an information with the County Court accusing defendant of being a third felony offender within the meaning of sections 1941 and 1943 of the Penal Law specifying the conviction in the County Court of Albany County on November 4, 1955 and the conviction on May 20, 1959 in the County Court of Clinton County. Defendant then entered a plea of guilty to the charge of being a third felony offender and was sentenced as a third felony offender. On January 11, 1968 defendant was brought before the County Court of Clinton County upon an application for resentencing which resulted in the court vacating the third felony offender sentence and rearraigned him on the same information deleting the Albany County conviction, and charging him with being a second felony offender. Defendant then moved to withdraw his plea of guilty to the crime of burglary in the third degree which was denied. On February 29, 1968 the District Attorney filed a second felony offender information with the court. On March 4, 1968 defendant was brought before the court to answer this information, whereupon he again moved to withdraw his plea of guilty. This motion was again denied. Defendant then elected to stand mute in answer to the second felony information, and advised the court that he intended to test the constitutionality of the crime alleged. On April 15, 1968 the court held that it was unnecessary to hold a jury trial on the issue of identity due to the fact that the defendant had already acknowledged that he was the same person named in the 1959 conviction and that defendant also was known to the court. The court then sentenced the defendant as a second felony offender. On this appeal defendant contends that his 1959 conviction could not be used as a predicate for the second felony offender sentence since there was no mention in the record as to what attorney had been assigned to represent him, and this plea of guilty had been entered prior to his being informed that, if he made such a plea, he would be subject to sentence as a second felony offender. He also contends that having remained mute on being arraigned as a second felony offender on March 4, 1968, he was entitled to a jury trial on the question of identity. The minutes of the proceedings of defendant's 1959 conviction clearly establish that defendant was advised that, if he entered a plea of guilty, he would probably be charged as a second felony offender prior to acceptance by the court of the defendant's plea of guilty. These minutes also establish that defendant was represented by counsel at all stages of the proceedings. The fact that the minutes do not reflect whether counsel was retained or assigned does not detract from the fact that he had adequate representation. We find no merit in defendant's argument that he was entitled to a jury trial on the question of identity. In the first instance it was not necessary to file a new information charging the defendant as a second offender. (*People ex rel. De Temple* v. *Morhous*, 283 App. Div. 834, mot. for lv. to app. den. 306 N. Y. 986; *People ex rel. Haynes* v. *La Vallee*, 31 Misc 2d 839.) Further, a trial of the issue of identity would be meaningless in the face of the fact that defendant in his application for resentence admitted that he should have been sentenced as a second felony offender, and defendant was known to be the same person convicted in 1959 by the County Judge before whom the resentencing proceedings were being held since he was also the Judge who presided over the 1959 case. (*People* v. *Pigeon*, 4 Misc 2d 754.) Judgment affirmed. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Staley, Jr., J.